## SUPREME COURT.

GOULD & PALMER agt. JACOBSOHN and others.

Where the only ground on which an *injunction* can be sustained is *denied* by the defendants in their answers, it cannot be retained.

*New - York Special Term, November*, 1859.
MOTION to continue injunction.

INGRAHAM, Justice. The plaintiffs' complaint only shows the ordinary statement of notes made without consideration, and passed without any present consideration, to secure an old indebtedness. Under ordinary circumstances, the plaintiffs would not be entitled to an injunction, and in any case only to prevent the holder from negotiating the same before they became due.

In the answers of the defendants, the equity, on which the plaintiffs seek the injunction, is denied by the defendants—the one defendant denying the averments as to the agreement on which the notes were delivered, and the other defendant averring that, on receiving the notes, they released the surety of their former indebtedness. If French was so discharged, that formed a good consideration for the notes, and made them valid securities in the hands of Duncan, Sherman & Co., and if the contract upon which the notes were delivered to Jacobsohn is correctly stated in his answer, even then, they have answered the purpose for which they were made, and the same can be recovered in the hands of Duncan, Sherman & Co.

It is enough, however, to dispose of this motion, to say, that the only ground on which the injunction could be sustained is denied by the defendants in their answers, and where that is the case the injunction cannot be retained.

According to the complaint, the notes were dated the 7th of

June, payable in four and five months. If so, they are both due, and after they are due, if passed by the holders, the party taking them must do so subject to all equities existing at the time. Whatever defence, therefore, the plaintiffs may have to the notes in the hands of Duncan, Sherman & Co., would be good against subsequent holders of the notes, if passed away after maturity.

The motion to continue the injunction is denied, and the temporary order dissolved. Costs to abide the event.